UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allyn McFarland,<br><br>              Plaintiff,<br>vs.<br><br>Chuck, RN at North Vista Hospital, et al.,<br><br>              Defendants. | Case No. 2:23-cv-01972-APG-MDC<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff Allyn McFarland filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. The Court grants her IFP application and dismisses her complaint with leave to refile. *Id.*

### DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.     Whether plaintiff may proceed in forma pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), she remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Canonico v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately

preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. ECF No. 1. According to her certified trust account statement, she has $0 in her account. *Id.* The Court grants her IFP application. Since she does not have any money in her account, the Court orders that her initial partial filing fee is waived. The entire $350 filing fee, however, will remain due from plaintiff. The institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance (in months that the account exceeds $10.00), pursuant to 28 U.S.C. §1915. The entire $350 filing fee will remain due and payable and will be collected from plaintiff's institutional account regardless of the outcome of this action.

    II.      **Whether plaintiff's complaint states a plausible claim**

        a.  Legal standard

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura*

*Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    b.  **Complaint**

Plaintiff brings a civil rights case pursuant to section 1983 against a registered nurse and a doctor at North Vista Hospital. ECF No. 1-1. She alleges that the nurse and doctor tortured her over the course of three days in 2018: she alleges that the nurse strangled her and body slammed her to the ground. *Id.* She alleges that the nurse gave her three sedation shots in her right butt cheek. *Id.* She alleges that the nurse told her he was going to kill her. *Id.* She alleges that she died at the hospital and her heart stopped. *Id.* She alleges that when she woke up from the abuse the doctor asked her if she remembered anything, and she said no. *Id.* She said the doctor clipped off her bracelet and swapped it for another to cover up the abuse before they discharged her. *Id.* She asks the Court to award her five million dollars. *Id.*

### i. Section 1983

"Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49—50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal citations omitted). A plaintiff must show that the "allegedly unconstitutional conduct is fairly attributable to the State." *Id.* at 50.

Plaintiff has failed to meet her burden to plausibly allege that the defendants were state actors engaged in state action when they allegedly violated her constitutional rights. While there are allegations about what the nurse and the doctor allegedly did to plaintiff, the complaint does not contain any allegations that North Vista Hospital is a state-run hospital or is otherwise a state actor. Nor does the complaint contain an allegation that the nurse and doctor are state actors or otherwise engaged in state action. The facts alleged in the complaint cannot support a finding that the defendants' conduct can be attributable to the state. Plaintiff's civil rights claims against the only two named defendants, the doctor and nurse, are dismissed.

### ii. Plaintiff's factual allegations raise a concern they may be potentially frivolous

The Court also notes that plaintiff's complaint is likely independently subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Under Section 1915A(b)(1), a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v.*

4

*Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992)(citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Plaintiff's allegations are seemingly the type of "fanciful, fantastic or delusional" allegations subject to dismissal under Section 1915A(b)(1). *Id.*; *see also Denton v. Hernandez*, 504 U.S. at 33. Among other things, plaintiff alleges she died and that the nurse and doctor threatened to kill her and then conspired to cover "it" up. The Court will give plaintiff the benefit of the doubt and allow her one more opportunity to provide enough factual details to show (1) that these events happened and (2) give the defendants fair notice under Rule 8.

### iii. Plaintiff's potential state law claims and statute of limitations

Plaintiff's claims are likely barred by the statute of limitations. "Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state." *Love v. Pub. Defender's Office*, No. 2:21-cv-01175-JAD-VCF, 2021 U.S. Dist. LEXIS 204026, 2021 WL 4941993, at *2 (D. Nev. Oct. 22, 2021) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). "In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years." *Id.* (citing Nev. Rev. Stat. § 11.190(4)(e)). "A statute of limitations begins to run on the date on which the plaintiff's claim accrues." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "[T]he accrual date of a § 1983 cause of action is a question of federal law[.]" *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Accrual occurs when the plaintiff has a "complete and present cause of action." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1997).

Since the plaintiff must successfully state a federal claim to proceed with his case, the Court will

not screen plaintiff's potential state law claims (or analyze any potential statute of limitations issues) at this time. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"). If the Court does analyze her potential state law claims when she amends, the Court finds that it is unlikely that plaintiff will be able to state a claim if the statutes of limitations have expired. She alleges that the events took place in 2018. The Court warns plaintiff that she must research the statues of limitations for each of her claims if she amends. If she amends, she must show on the face of the complaint why the statutes of limitations have not run on her claims.

### c. Conclusion

Plaintiff fails to articulate a claim or claims against any defendant. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks, and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**It is so Ordered:**

1. That plaintiff Allyn McFarland's *application to proceed in forma pauperis* (ECF No. 1) is GRANTED.

2. That plaintiff Allyn McFarland's *complaint* (ECF No. 1-1) is DISMISSED without prejudice.

3. That plaintiff has until **Monday, March 25, 2024**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

5. The Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the **High Desert State Prison Accounting Supervisor, 22010 Cold Creek Road, Indian Springs, Nevada 89070.**

6. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the **High Desert State Prison** must forward payments from the account of **Allyn McFarland (1137752)** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

7. If plaintiff is transferred, the Accounting Supervisor at **High Desert State Prison** is directed to send a copy of this Order to the new place of incarceration and indicate the amount that plaintiff has paid towards her filing fee so that funds may continue to be deducted from her account.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 23rd day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge